[For a review of this case in the circuit court, see Case No. 12,200.]

SACHS (WEBB v.). See Case No. 17,325.

## Case No. 12,202.

### SACKET v. McDONNELL et al.

### WHITE v. SAME.

[8 Biss. 394.][1]

Circuit Court, N. D. Illinois. Jan., 1879.

ADVERSE POSSESSION — LIMITATIONS — SQUATTER CLAIMS—LOST AND UNRECORDED DEED.

1. In order to acquire a valid title to land by virtue of the statute of limitations, there must have been an open, adverse, and continuous possession for twenty years, under a claim of title to the property.

2. A squatter on land cannot avail himself of his occupancy, unless he has denied or impugned the title of the real owner. Mere permissive occupancy will not suffice.

3. If proven by parol, the evidence must be clear and convincing.

Two actions of ejectment [by George B. Sacket against Patrick McDonnell and others, and by M. M. White against the same defendants], to recover two pieces of land in N. W. 1/4, N. W. 1/4, section 36, township 39 north, range 13 east of third principal meridian, in Cook county, Illinois.

Herbert, Quick & Miller, Josiah H. Bissell, and Frank H. Collier, for plaintiffs.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Wm. C. Goudy and H. M. Shepard, for defendants.

BLODGETT, District Judge (charging jury). The plaintiffs have each shown a chain of conveyances from the United States to themselves respectively, showing title in fee simple in themselves to the parcels of land they claim. This will entitle plaintiffs to a verdict at your hands unless defendants have made out a better title under the law and the facts in the case. The defense is based upon the following section of the Illinois statute of limitations: "No person shall commence an action for the recovery of lands, nor make an entry thereon, unless within twenty years after the right to bring such action or make such entry first accrued, or within twenty years after he or those from, by, or under whom he claims, have been seized or possessed of the premises, except as hereinafter provided." Rev. St. Ill. c. 83, § 1.

To sustain this defense the defendants must show that they or their father under whom they claim, entered into possession under a claim of title adverse to that of the plaintiffs, or of those under whom they claim; that is, there must have been in some form an assertion on the part of the elder McDonnell, when he took possession, that he claimed title to this property as against all other titles. Kerr v. Hitt, 75 Ill. 51; McClellan v. Kellogg, 17 Ill. 498; Jackson v. Berner, 48 Ill. 203.

The statute of limitations invoked in this case does not give a person title who merely enters upon another man's land, and remains there twenty years, unless he claims a right of entry by virtue of his own title so as to give the owner an opportunity of trying titles with him. Thus, if a mere squatter, as they are popularly termed, (that is, a person who enters without color of right) enters upon your land, claiming no title as against you, but simply moves on to the land on the assumption that you have no immediate use for it and without impugning your title, and you acquiesce in his remaining there,—do not drive him off or sue him in ejectment or trespass,—he gets no title as against you by such permissive occupation. To allow one thus to become the owner of another man's land, would be an abuse of good nature and punish a charitable man, and would be a most unjust requital for the kindness the occupant received at the hands of the owner, and while the law favors statutes of repose which end litigation and strife by lapse of time, yet a party asserting a title like this set up by the defendants must by his proof bring himself clearly within the provisions of the law on which he relies. Record titles deduced by a connected chain of conveyances directly from the government, should not be set aside, except upon clear and satisfactory evidence.

\*   \*   \*   \*   \*   \*   \*   \*   \*

Defendants have introduced evidence tending to show that McDonnell had in his possession during some part of the time he occupied the land a deed from one Burke conveying the land in question along with other lands to McDonnell. This deed is not produced and the undisputed evidence is that it was not recorded. The rule is that when a deed has been destroyed or lost without the fault of the party who seeks to use it in evidence, parol evidence of its contents may be given. The defendant's testimony tends to show that there was such a deed in existence, and that after due search it cannot be found, and evidence has been given tending to show its contents. This deed was not recorded and the circumstance that an intelligent man who had a deed for a tract of land so valuable as this grew to be long before McDonnell died, and yet did not record it, may be considered as tending to raise a doubt as to whether the paper these young people saw in their father's possession was really a deed of the title to this land. While, as I have said, the law allows parol evidence of the contents of a lost or destroyed deed, the testimony should be of a very clear and convincing nature in order to justify a jury in acting upon it, and setting aside a valid record title upon such proof. The deed, if you are satisfied there was one, and that it conveyed the land in question is to be considered for two purposes: First—As a title adverse or hostile to the title claimed by plaintiff. For this purpose it was not necessary that the deed should have been recorded, if you are satisfied from the proof, that McDonnell when he entered, claimed title as against all others by virtue of this deed. Second—If the deed in question conveyed eighty acres or more of land, including this land in controversy, and McDonnell took possession of and occupied a part of the tract conveyed by the deed, claiming title to the whole, such occupation would be a good possession of the whole. But you must be satisfied that the deed actually purported to convey the fee of the land in controversy, and that in occupying a part, McDonnell claimed the whole. Burke himself may have had only a squatter's title. He may have made some improvements and conveyed to McDonnell simply his improvements for a few dollars, without pretending to convey anything but his squatter rights.

If, then, you are not satisfied from the proof that McDonnell entered upon this property claiming an adverse or hostile title to the plaintiff and had continued in the open and adverse possession for twenty years before the commencement of this suit, defying, as it were, the plaintiff's title and right to the property, then plaintiff will be entitled to recover, because the burden of proof is thrown on the defendants to make out their title as against the title of plaintiff. While, if you believe from the proof that defendants' father did enter upon the property, asserting a hostile title to plaintiff and continued his

possession twenty years before this suit, defendants must have a verdict at your hands. If the proof satisfies you that McDonnell entered as a mere squatter, intending to stay only so long as the lawful owner should permit, then plaintiff should have a verdict.

Verdict and judgment for plaintiff.